IN THE UNITED STATES DISTRICT COURT FILED BY ~~~ D.C.
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 DEC 23  PM 4: 44

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| WILLIAM BLOSSOM, | X | |
| Plaintiff, | X | |
| vs. | X | No. 05-2758-Ma/V |
| BUREAU OF PRISONS, et al., | X | |
| Defendants. | X | |

ORDER TO COMPLY WITH PLRA
ORDER ASSESSING $250 FILING FEE
ORDER OF PARTIAL DISMISSAL
AND
ORDER TRANSFERRING REMAINING CLAIM
PURSUANT TO 28 U.S.C. § 1406(a)

Plaintiff William Blossom, Bureau of Prisons ("BOP")
inmate registration number 10750-042, who is currently an inmate at
the Federal Correctional Institution in Oakdale, Louisiana,[1] filed
a pro se complaint pursuant to Bivens v. Six Unknown Fed. Narcotics
Agents, 403 U.S. 388 (1974), and the Federal Tort Claims Act
("FTCA"), 28 U.S.C. § 2671 et seq., on October 6, 2005 in
connection with his previous confinement at the Federal
Correctional Institution in Memphis ("FCI-Memphis").[2] The Clerk

---

[1]     The word "prison" is used in this order to refer to all places of
confinement or incarceration, including jails, penal farms, detention and
classification facilities, or halfway houses.

[2]     Although the complaint states, on its face, that it is brought
pursuant to 42 U.S.C. § 1983, plaintiff is a federal prisoner. To state a § 1983
claim, plaintiff must allege action under color of state law. West v. Atkins, 487
U.S. 42, 55-57 (1988). Because plaintiff is in the custody of the BOP, which acts
under color of federal law, the Court construes the complaint as one brought
(continued...)

shall record the defendants as the BOP,[3] Dr. Nahem A. Naimey, the Clinical Director at FCI-Memphis, and Dr. Andrew Kahl, a physician employed at the Federal Correctional Institution in Texarkana, Texas.

I.   Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), a prisoner bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[4] The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, the plaintiff has properly completed and submitted an in forma pauperis affidavit containing a certification by the trust fund officer. Although the plaintiff has not submitted a trust fund account statement, the information supplied by the plaintiff is sufficient to permit assessment of the filing fee. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is ORDERED that, within thirty (30) days of the entry of this order, plaintiff file a trust fund account statement for the six months prior to the commencement of this action. It is

---

[2]   (...continued)
pursuant to Bivens. The grievances submitted by the plaintiff indicate that he has exhausted a claim pursuant to the FTCA.

[3]   Although the complaint also names the FCI as a defendant, the Court construes that allegation as an attempt to assert a claim against the BOP, which operates FCI-Memphis.

[4]   Effective March 7, 2005, the civil filing fee was increased to $250 from $150.

further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account, and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that, after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the plaintiff's prison to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

II. <u>Analysis of Plaintiff's Claims</u>

The factual allegations of the complaint consist, in their entirety, of the following:

Inasmuch the above name physician Dr. Nahem A. Naimey performed a excision to remove a lipoma from my right intrasculular [sic] shoulder area. However Dr. Naimey as inconsistent with his diagnosis and my medical well being. Therefore, because of a recurring medical problem Dr. Andrew Kahl M.D. diagnosed me with Parathesia, and gave me a prescription that is [c]ommonly used for a person that is an anti depression person. Namely the medicine prescribed was known as Ampitriptyline 25 mg.

4

Nonetheless, this medication has caused a mental problem, instead of a cure for my diagnosis!

The plaintiff seeks monetary compensation in the amount of $10 million and payment of his medical expenses.

The factual basis for this claim is clarified, to some extent, in an affidavit, signed by the plaintiff, that asserts that he was bitten by a spider on June 26, 2001 while incarcerated at FCI-Memphis. Plaintiff asserts he immediately reported the incident to medical staff, who failed to conduct an appropriate examination and, instead, prescribed Motrin. The bite allegedly developed into a large, painful lump on the plaintiff's back. Defendant Naimey allegedly told the plaintiff that he had a lipoma and the lump appeared to be only fatty tissue. Naimey conveyed this information to the warden at FCI-Memphis and represented that plaintiff's condition did not need medical attention. On or about January 14, 2002, defendant Naimey decided surgery would be necessary. On February 7, 2002, Naimey allegedly committed medical malpractice by failing to order an MRI and by performing the surgery himself rather than retaining a specialist. On February 19, 2002, plaintiff signed up for sick call to complain that his back hurt. On January 2, 2005, while plaintiff was incarcerated at the Federal Correctional Institution in Texarkana, Texas, defendant Kahl diagnosed the plaintiff with paresthesia and treated him with Amitrityline. It is not clear if or how the allegations about defendant Naimey and those about defendant Kahl are related.

A.   The Bivens Claim

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and
> show that they have been exhausted by attaching a copy of
> the applicable administrative dispositions to the
> complaint or, in the absence of written documentation,
> describe with specificity the administrative proceeding
> and its outcome.

Id. at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), cert. denied, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint

6

to avoid a <u>sua sponte</u> dismissal); <u>Curry v. Scott</u>, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust those remedies during the pendency of the action. <u>Freeman v. Francis</u>, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. <u>Jones Bey v. Johnson</u>, 407 F.3d 801, 805-09 (6th Cir. 2005).

The BOP has adopted an administrative remedy program, 28 C.F.R. §§ 542.10-542.19, that is applicable to <u>Bivens</u> actions. <u>See, e.g.</u>, <u>Robinson v. Young</u>, No. 00-6127, 20 Fed. Appx. 476, 477 (6th Cir. Sept. 26, 2001); <u>Barksdale v. Rauschel</u>, No. 99-2233, 2000 WL 1434492, at *1 (6th Cir. Sept. 18, 2000). The warden has the initial responsibility for responding to grievances. 28 C.F.R. § 542.11(a). An inmate who is not satisfied with the warden's response may appeal to the BOP's regional director "within 20 calendar days of the date the Warden signed the response" and, thereafter, to the general counsel of the BOP "within 30 calendar days of the date the Regional Director signed the response." <u>Id.</u> § 542.15(a). According to the regulations, "response shall be made by the Warden . . . within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." <u>Id.</u> § 542.18.

7

In this case, the documents attached to the complaint indicate that the plaintiff has exhausted his administrative remedies for some portion of his claim against defendant Naimey. Attached to the complaint are copies of the warden's response to a grievance, dated December 7, 2001; the response to the appeal to the Regional Director, dated January 25, 2002; and the national appeal, dated April 1, 2002. It appears, therefore, that plaintiff has exhausted a claim concerning defendant Naimey's failure properly to treat the plaintiff for the lump in 2001. However, because this grievance was filed before defendant Naimey removed the lump on February 7, 2002, plaintiff has not exhausted that aspect of his claim.

Rather than filing a lawsuit at the time, the plaintiff took no further action until May 24, 2004, when he sought an informal resolution of his grievance (BP-8). The counselor's response is dated May 26, 2004. The plaintiff's informal grievance named both individual defendants. He subsequently filed a formal grievance on or about June 7, 2004, while incarcerated at FCI-Memphis, and the warden's response is dated June 24, 2004. Plaintiff appealed to the BOP Regional Director on or about July 12, 2004, and the response is dated September 10, 2004. Plaintiff's appeal to the BOP General Counsel is dated September 30, 2004. The complaint does not allege that the plaintiff received a response from the BOP General Counsel, and nothing on the face of the appeal document indicates it was received by the appropriate office. Therefore, plaintiff has not satisfied his burden of demonstrating

that this aspect of the administrative remedy process was completed.

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte." Baxter, 305 F.3d at 489. Moreover, pursuant to Jones Bey, a district court must dismiss any complaint that contains unexhausted claims rather than attempting to sever the exhausted claims. Therefore, the complaint is subject to dismissal in its entirety, without prejudice, pursuant to 42 U.S.C. § 1997e(a).[5]

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Even claims that have not been exhausted may be dismissed on the merits. 42 U.S.C. § 1997e(c)(2). Plaintiff's claim concerning his treatment at FCI-Memphis is subject to dismissal in its entirety.[6]

---

[5]     As the Sixth Circuit has explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Baxter, 305 F.3d at 489.

[6]     As the venue for the plaintiff's claim against defendant Kahl is not proper in this district, the Court will not examine it on the merits.

A one-year statute of limitations is applicable to <u>Bivens</u> actions brought in Tennessee. <u>Mason v. Department of Justice</u>, 39 Fed. Appx. 205, 207 (6th Cir. June 17, 2002); <u>see also</u> <u>Merriweather v. City of Memphis</u>, 107 F.3d 396, 398 n.1 (6th Cir. 1997) ("In federal constitutional tort actions, the court borrows the statute of limitations for personal torts from the state where the claim arose—here, Tennessee."). The running of the limitations period is tolled while a prisoner exhausts his administrative remedies. <u>Brown v. Morgan</u>, 209 F.3d 595, 596-97 (6th Cir. 2000). In this case, there is no indication the plaintiff attempted to exhaust his administrative remedies as to defendant Naimeh's removal of the lump on February 7, 2002 before the expiration of the limitations period on February 7, 2003. Plaintiff had completely exhausted his claim for his treatment in 2001 on April 1, 2002 and, therefore, the one-year limitations period as to that portion of his claim expired no later than April 1, 2003. Plaintiff's <u>Bivens</u> claims for his treatment at FCI-Memphis are, therefore, time barred.

The Court DISMISSES the complaint as to defendant Naimey in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted. The Court also DISMISSES plaintiff's <u>Bivens</u> claim against the BOP for plaintiff's treatment at FCI-Memphis, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted. Plaintiff's remaining <u>Bivens</u> claims against the BOP and defendant Kahl are dismissed without prejudice, pursuant to 28 U.S.C. § 1997e(a), for failure to demonstrate exhaustion of administrative remedies.

B.    The FTCA Claim

From the documents attached to the complaint, plaintiff appears to have exhausted a claim based on the FTCA as to all the incidents alleged in the complaint. Pursuant to 28 U.S.C. § 2401(b), however, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." A letter dated June 1, 2005 from the BOP Regional Counsel, which is attached to the complaint, indicates that the plaintiff presented his tort claim to the BOP on December 20, 2004, more than two years after the events at FCI-Memphis about which he is complaining. That aspect of the plaintiff's FTCA claim is time barred.

Therefore, the Court DISMISSES plaintiff's claim pursuant to the FTCA as it relates to the plaintiff's treatment at FCI-Memphis, pursuant to 28 U.S.C. § 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted.

Plaintiff's FTCA claim against defendant Kahl must be dismissed, pursuant to 28 U.S.C. § 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1), because the proper defendant in a FTCA case is the United States, not the individual federal employee.

III. Transfer of Remaining Claim

Plaintiff's remaining claim under the FTCA is against the BOP for his treatment in Texas. Twenty-eight U.S.C. § 1402(b) provides that "[a]ny civil action on a tort claim against the United States under subsection (b) of section 1346 of this title

may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." In this case, the plaintiff currently resides in Oakdale, Louisiana. Oakdale is in Allen Parish, which is in the Western District of Louisiana. 28 U.S.C. § 98(c). The claim arose in Texarkana, Texas. Texarkana is in Bowie County, which is in the Texarkana Division of the Eastern District of Texas. 28 U.S.C. § 124(c)(5).

Twenty-eight U.S.C. § 1406(a) states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Because no individual defendant remains a party to this FTCA action, it is in the interest of justice to transfer the remaining claim to the district where the plaintiff resides. Therefore, it is hereby ORDERED, pursuant to 28 U.S.C. § 1406(a), that the plaintiff's FTCA claim based on his treatment in Texas in 2005 is TRANSFERRED, forthwith, to the Western District of Louisiana. The issuance of summonses on the remaining claim will be left to the transferee court.

IT IS SO ORDERED this 22d day of December, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02758 was distributed by fax, mail, or direct printing on December 28, 2005 to the parties listed.

---

William Blossom
10750-042
Federal Correctional Institution Oakdale
P.O. Box 5000
E. Whately Road
Oakdale, LA 71463

Honorable Samuel Mays
US DISTRICT COURT